UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMARCO L. EPPS, | ) |
| | ) |
| Plaintiff, | )  No. 3:12-cv-01018 |
| | )  Judge Trauger |
| v. | ) |
| | ) |
| ABL SECURITY, et al., | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against ABL Security and unnamed "Grievance Investigating Officers of CJC and DCSO," alleging that the conditions of confinement at the Criminal Justice Center violate the Eighth Amendment of the United States Constitution. (Docket No. 1). The plaintiff seeks money damages. (*Id*. at p. 4).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**II.  Facts**

The plaintiff alleges that, on July 31, 2012, while incarcerated at the Criminal Justice Center in Nashville, Tennessee, the defendants served him a meal consisting of several items including potato salad. After taking a few bites of the potato salad, the plaintiff discovered a cockroach. The plaintiff vomited and completed a form for "sick call," but he was not allowed to see a nurse or doctor.

The plaintiff alleges that he complained to the corrections officers and Sgt. Steeley told the plaintiff that he would take a photograph of the cockroach and prepare an incident report. However, the plaintiff alleges that neither a photograph was taken nor an incident report prepared. The plaintiff subsequently filed grievances regarding the incident but states that no one has responded to his grievances. He also claims that he became very stressed after the incident and has refused to eat the meals served to him since then. The plaintiff's complaint was signed on August 15, 2012. (Docket No. 1 at pp. 3-4).

**III.    Section 1983 Standard**

The plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.    Analysis of Section 1983 Claims**

Allegations of unsanitary eating conditions and inadequate food may constitute violations of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825 832 (1994); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).

Here, the prisoner-plaintiff alleges that he discovered a cockroach in a serving of potato salad on one occasion. He does not allege that such an incident occurred on multiple occasions or that the overall conditions of the jail kitchen are unsanitary. He does not allege that the jail serves inadequate portions of food or nutritionally-deficient food.[1] Rather, in his complaint the plaintiff describes a single, isolated incident. While the incident described by the plaintiff was certainly regrettable and unpleasant, the harm to the plaintiff (an upset stomach and stress about possibly being served another food item containing a cockroach) was *de minimus.* The court finds that the

---

[1] Although the plaintiff alleges that he has refused to eat since the incident, the plaintiff elected to take this course of action. The plaintiff does not allege that the jail refused to provide meals for him, or that the meals served by the jail are nutritionally inadequate.

3

plaintiff's allegations fail to rise to the level required to state an Eighth Amendment claim. *Cf. Gunn v. Kentucky D.O.C.*, No. 5:07CV-P103-R, 2010 WL 2555756, at *4 (W.D. Ky. June 18, 2010)(holding that an isolated, *de minimus* inconvenience does not support a constitutional claim).

The plaintiff also alleges that the defendants failed to provide prompt and adequate medical care to him after he ate the cockroach-containing potato salad. (Docket No. 1 at pp. 3-4). He states that he vomited once and experienced a great deal of stress after the discovery of the cockroach. (*Id.*)

To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Even assuming that the plaintiff's allegations are true, the complaint fails to allege that any defendant acted with deliberate indifference to the plaintiff's medical needs. In addition, one episode of vomiting does not suggest a serious medical need. As such, the plaintiff's allegations fail to state an Eighth Amendment claim based on the denial of, or delay in receiving, medical treatment.

4

## V. Conclusion

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Thus, the plaintiff's claims will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge