UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEMARCO L. EPPS, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:12-cv-01018 |
| | ) | **Judge Trauger** |
| v. | ) | |
| | ) | |
| ABL SECURITY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

The plaintiff, proceeding *pro se*, is an inmate at the Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against ABL Security and unnamed "Grievance Investigating Officers of CJC and DCSO," alleging that the conditions of confinement at the Criminal Justice Center violate the Eighth Amendment of the United States Constitution. (Docket No. 1). The plaintiff seeks money damages. (*Id*. at p. 4).

The plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2). It appears from the plaintiff's application that he cannot afford to pay the filing fee. Therefore, the Clerk will **FILE** the complaint *in forma pauperis.* 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

1

(b)      twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust

fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly

income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but

only when his monthly income exceeds ten dollars ($10.00).  28 U.S.C. § 1915(b)(2).  Payments

shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court.  *Id*.

Because the plaintiff is a prisoner, the court is obliged to conduct a preliminary review of

his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which

relief can be granted.  28 U.S.C. § 1915A.

As provided in the accompanying memorandum, the complaint is **DISMISSED** for failure

to state a claim on which relief may be granted.  28 U.S.C. § 1915A.  Because an appeal would **NOT**

be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma

pauperis*.  28 U.S.C. § 1915(a)(3).  Nevertheless, should the plaintiff decide to file a notice of

appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00)

appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of

his inmate trust account statement for the previous six (6) month period.  28 U.S.C. §§ 1915(a)(1)

& (a)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Davidson County Sheriff to

ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the

Prison Litigation Reform Act that pertains to the payment of filing fees.  Should the plaintiff be

transferred from his present place of confinement, the custodian of his inmate trust fund account

shall ensure that a copy of this order follows the plaintiff to his new place of confinement.  All

2

payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

It is so **ORDERED**.

_____

Aleta A. Trauger
United States District Judge

3